# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KATHERINE L. ALBERINO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-622V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 5, 2020, Katherine L. Alberino ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 56). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$54,351.52**.

I.  **Procedural History**

On May 2, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a tetanus-diphtheria-acellular pertussis vaccine on August 22, 2017, she developed Guillain-Barré syndrome with residual effects that persisted for more than six months. On February 27, 2020, the parties filed a stipulation, which I

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

adopted as my decision awarding compensation on the same day. (ECF No. 51).

On May 4, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $55,852.42, representing $51,020.70 in attorneys' fees and $4,831.72 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 3. Respondent reacted to the fees motion on May 5, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 57). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel at Black McLaren: for Mr. Michael McLaren, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020; for Mr. William Cochran, Jr., $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $391.00 per hour for work performed in 2019, and $405.00 per hour for work performed in 2020; and for Mr. Chris Webb, $315.00 per hour for work performed in 2017 and $338.00 per hour for work performed in 2019. Fees App. at 8. Mr. McLaren's 2018 rate exceeds the maximum amount prescribed by the OSM Fee Schedule for 2018, and shall therefore be reduced to $455.00 per hour, resulting in a reduction of $0.90.[3] The rest of the requested rates are reasonable and consistent with what counsel has previously been awarded for Vaccine Program work.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter require reduction. There are several minor issues throughout the billing records, such as paralegals billing time for handling the payment of records and duplicative time billed by

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

attorneys and paralegals in reviewing case filings. These issues have previously been noted in other cases awarding fees to Black, McLaren attorneys. *See, e.g., Montgomery v. Sec'y of Health & Human Servs.*, No. 15-1037V, 2020 WL 2510442, at *4 (Fed. Cl. Spec. Mstr. Apr. 29, 2020). However, because these issues are relatively minor in the instant case compared to other cases such as *Montgomery,* I shall reduce the final award of attorneys' fees by $1,500.00 to account these issues. Accordingly, Petitioner is awarded final attorneys' fees of **$49,519.80.**

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,831.72. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and travel costs associated with a client meeting. These costs appear reasonable and Petitioner has provided adequate documentation supporting them. Petitioner is therefore awarded final attorneys' costs of **$4,831.72**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $51,020.70 |
|---|---|
| (Reduction of Fees) | - ($1,500.90) |
| **Total Attorneys' Fees Awarded** | **$49,519.80** |
| | |
| Attorneys' Costs Requested | $4,831.72 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,831.72** |
| | |
| **Total Attorneys' Fees and Costs** | **$54,351.52** |

**Accordingly, I award a lump sum in the amount of $54,351.52, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. William Cochran, Jr.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master